IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 08-40058
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GILBERTO JOSE RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-459-1

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gilberto Jose Rodriguez pleaded guilty to one count of transporting aliens within the United States and was sentenced to 48 months in prison. On appeal, Rodriguez argues that the district court erred by imposing a sentence which was above the recommended guidelines range of 24 to 30 months. Rodriguez argues that the district court failed to state adequate reasons to support the increase.

The sentence imposed by the district court is typically reviewed for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness. Gall v. United States, 128 S. Ct. 586, 591 (2007). The Supreme Court rejected the notion that the district court needs extraordinary circumstances to justify a deviation from the guidelines range. See Gall, 128 S. Ct. at 595. A district court, in sentencing, should use the guidelines sentence range as "the starting point and the initial benchmark" but should then consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a). Gall, 128 S. Ct. at 596. If the court concludes that a sentence outside the Guidelines is warranted, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 128 S. Ct. at 597. "After settling on the appropriate sentence, [the sentencing court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id.

Rodriguez does not challenge the district court's calculation of the appropriate advisory guideline range or in the factual recitation of his criminal history. Rodriguez also does not assert that the district court did not specifically consider § 3553(a) in imposing the departure. The district court's decision to vary from the recommended guidelines was based on the finding that Rodriguez's history of violent crime and drug trafficking showed that he "has no respect for the law." Specifically, the district court noted the history of two drive-by shootings and found that "the guidelines do not capture the cowardly, deadly behavior of this defendant that indicates he is perfectly capable of taking human life if somebody gets in the way of one of his bullets that he shoots at a place of habitation. . ." Given the facts of this case and the district court's reasons for departing, Rodriguez has not shown that the district court abused its discretion in imposing a sentence that was 18 months greater than 30 months, which was the top of the recommended guidelines range. See Gall, 128 S. Ct. at 597.

Rodriguez's sentence is AFFIRMED.